UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHERYL A. WHITE                                              PLAINTIFF

v.                                             CIVIL ACTION NO. 3:14CV-645-CRS

COVENTRY HEALTH & LIFE INSURANCE CO., et al.          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Coventry Health & Life Insurance Co., *et al.* (*c*ollectively, "Coventry"), to dismiss the complaint (DN 2), and motion of the plaintiff, Cheryl A. White, for leave to file an amended complaint (DN 7).

This matter was removed from the Jefferson County, Kentucky, Circuit Court on September 22, 2014. On that same date, Coventry moved to dismiss the action for failure to state a claim upon which relief can be granted (DN 2). The electronic filing receipt indicates that the action was opened by the clerk in the court electronic filing system on September 23, 2014. Electronic service on the plaintiff was made on that date.

On October 14, 2014, the plaintiff filed a motion seeking leave to file an amended complaint, attaching the proposed amended complaint, but reciting Fed.R.Civ.P. 15(a)(1)(B) which provides for the amendment of pleadings once as a matter of course within twenty-one days after service of a motion under 12(b), such as Coventry's motion to dismiss.

Leave of court is not required for the filing of an amended pleading as a matter or course under Fed.R.Civ.P. 15(a)(1)(B). Plaintiff recites, however, that the interest of justice requires that she be permitted to amend her complaint to add two parties and "to clarify her causes of action to

resolve any uncertainty on the part of the Defendants, in order to redress all of Plaintiff's grievances." DN 7, p. 3.

The language of amended Rule 15(a)(1)(B) contemplates the filing of an amended pleading as a matter of course in response to a motion to dismiss. The Advisory Committee Notes to the 2009 Amendments states:

> [T]he right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim.

White unnecessarily afforded Coventry the platform to object to the proposed amended pleading by filing a motion for leave with her amended complaint. White recites Rule 12(a)(1)(B) urging that she is entitled to file an amended pleading as a matter of course, yet seeks leave of court to do so, the procedure under 15(a)(2). In this muddle of terminology and procedure, Coventry responded to the motion and objected to the request for leave to amend.

Coventry urges that although amendment pursuant to 15(a)(1)(B) is ordinarily a filing as a matter of course, amendment may be denied where the amendments would be futile, citing *Christiansen v. U.S.*, No. 5:11-321-KKC, 2013 WL 4521040 (E.D.Ky. Aug. 26, 2013).

The *Christiansen* case cites *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006), which addresses "leave to amend" and the granting of such leave "when justice so requires," thus clearly addressing permissive leave under 15(a)(2). The court has found no other case but *Christiansen* in which *Kottmyer v. Maas* was relied upon to preclude an amendment as a matter of course under 15(a)(1)(B). Rather, arguments such as futility arise almost exclusively in the context of requests for leave to file amended pleadings under 15(a)(2). The court finds therefore that the *Christiansen*

- 3 -

case is inconsistent with prevailing jurisprudence on this issue, and Coventry's futility argument must be rejected. In this court's view, to hold otherwise would be to emasculate the "as a matter of course" amendment permitted by Fed.R.Civ.P. 15(a)(1)(B).

We find no prejudice to Coventry by this ruling. Its futility arguments may be readily incorporated into a motion to dismiss the amended complaint.

Therefore, motions having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

(1) The motion of the plaintiff, Cheryl A White, for leave to file amended complaint (DN 7) is **GRANTED** and the Amended Complaint is ordered **FILED** pursuant to Fed.R.Civ.P. 15(a)(1)(B).

(2) The motion of the defendants, Coventry Health & Life Insurance Co., *et al.*, to dismiss the complaint (DN 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

March 23, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**